**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zandra Manion, et al., | No. CV-17-03262-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Ameri-Can Freight Systems Incorporated, et al., | |
| Defendants. | |

On May 21, 2019, the Court issued an order denying Defendants' motion for summary judgment. (Doc. 89.) Near the end of the order, the Court raised an issue that hadn't been addressed in the parties' briefs—whether two different plaintiffs should be allowed to assert a wrongful death claim in this case. (*Id.* at 9-10.) "Rather than unilaterally select a solution," the Court stated that "*[t]he parties* must meet and confer regarding the proper Plaintiff (or Plaintiffs) in the wrongful death action and either stipulate to Plaintiffs' filing of an amended complaint or file supplemental briefing on this issue by June 4, 2019." (*Id.*, emphasis added.)

On June 4, 2019, Plaintiffs filed a supplemental brief. (Doc. 90.) The first sentence stated that, "[p]ursuant to the Court's May 21, 2019 Order (docket #89), Plaintiffs' counsel having conferred, Plaintiffs jointly submit the following briefing regarding the appropriate wrongful death parties." (*Id.* at 1.) The supplemental brief went on to argue that "any defect in the Complaint is harmless or has been waived" and that because "none of the parties has raised the issue . . . the Court need not take up the issue." (*Id.* at 6.)

Two days later, on June 6, 2019, the Court issued an order noting that, "[a]lthough Plaintiffs' filing did not indicate whether they met and conferred with Defendants, because only Plaintiffs chose to file supplemental briefing on the issue, the Court will assume Defendants do not object." (Doc. 92.) Accordingly, the Court ordered that "Plaintiffs Zandra Manion and Lisa Blyler may proceed as Plaintiffs in the wrongful death action." (*Id.*)

The next day, on June 7, 2019, Defendants filed an objection to Plaintiffs' supplemental brief. (Doc. 95.) In it, Defendants assert that "Plaintiffs' counsel did not meet and confer with Defendants' counsel as required by the Court's order. Plaintiffs failed to comply with the Court's order, and instead, filed their Supplemental Briefing without consulting Defendants." (*Id.* at 2.) Defendants go on to argue that, on the merits, the Court shouldn't allow Manion and Blyler to act as separate plaintiffs for purposes of the wrongful death claim and that "[a]ny result except requiring Plaintiffs[] to designate a single representative prejudices Defendants and goes against Arizona law." (*Id.*)

As an initial matter, the Court wishes to express its displeasure with Plaintiffs' conduct. The May 21, 2019 order specifically required "the parties" to meet and confer. It is unclear how the two Plaintiffs could have interpreted that language as requiring them only to meet and confer with each other, and not with defense counsel.

As for how to proceed, the Court remains unwilling to unilaterally make any changes to the operative complaint. The discussion of the two-plaintiffs issue in the May 21, 2019 order was simply meant to flag this issue for the parties' attention, so they could take whatever steps they felt necessary to address it. Because there are no motions pending before the Court, there is nothing for the Court to do at this time.

…

…

…

…

Finally, to the extent Defendants still desire some form of relief, the Court recommends they address this issue in the Proposed Final Pretrial Order. It can then be further discussed, if necessary, at the Final Pretrial Conference on August 26, 2019.

Dated this 20th day of June, 2019.

_____
Dominic W. Lanza
United States District Judge