**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zandra Manion, et al., | No. CV-17-03262-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Ameri-Can Freight Systems Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion re: disputed jury instructions. (Doc. 129.) The motion is fully briefed and nobody has requested oral argument. For the following reasons, the motion will be denied.

**BACKGROUND**

This case arises from a March 12, 2016 traffic accident that resulted in the instantaneous death of Johnathan Blyler ("the Decedent"). The vehicle that struck the Decedent's vehicle was a tractor-trailer being driven by Steven Robertson, an employee of Ameri-Can Freight Systems, Inc. (collectively, "Defendants"). The plaintiffs are the Decedent's mother, Zandra Manion, and the Decedent's wife, Lisa Blyler. (Doc. 1-2 at 5-16 [complaint].)

On September 27, 2017, Defendants filed their answer to the complaint. (Doc. 10.) Among other things, the answer raises 22 affirmative defenses. (*Id.* at 7-10.) Several of these affirmative defenses rest upon the theory that the Decedent's own negligence contributed to the accident. For example, the first affirmative defense is that the Decedent

"was guilty of carelessness, recklessness, negligence or fault on his own part which caused or contributed to the accident." (*Id.* at 7.) The third affirmative defense is that "Plaintiffs' claims are barred, in whole or in part, by the doctrines of comparative negligence and contributory negligence. The damages alleged by Plaintiffs should be apportioned according to the contributory and comparative fault of [the Decedent] . . . ." (*Id.*) And the fifth affirmative defense is that the Decedent "did not exercise ordinary care, caution or prudence to avoid said accident and the resulting injuries . . . were directly and proximately contributed to and caused by the fault, carelessness and negligence of [the Decedent]." (*Id.* at 8.) The answer doesn't, however, specifically identify negligence *per se* as one of the affirmative defenses. It also doesn't identify any Arizona traffic statutes that the Decedent allegedly violated.

On February 9, 2018, Defendants served their first set of supplemental responses pursuant to the Mandatory Initial Discovery Pilot ("MIDP") program. (Doc. 131-1 at 2-24.) In response to the query "For each of your claims or defenses, state the facts relevant to it and the legal theories upon which it is based," Defendants stated that the Decedent's "2005 Jeep Wrangler was stopped in lane #2 without any hazard lights on. The Freightliner struck the back of the Jeep whereupon the Jeep exploded." (*Id.* at 19.) Defendants further stated that the Decedent's "2005 Jeep Wrangler was not properly maintained as it was stopped in the middle of a busy highway." (*Id.* at 21.) Defendants also generally disclosed they were pursuing a theory of comparative negligence but didn't specifically identify (or disavow) negligence *per se* as part of the foundation for this defense. (*Id.* at 19-22.)

On August 17, 2018, one of Plaintiffs' experts, Michael Shepston, issued his report. (Doc. 131-4 at 2-10.) Among other things, this report stated that "the [Decedent's] vehicle was going approximately 11 miles her hour at the time of impact." (*Id.* at 6.)

On September 21, 2018, one of Defendants' experts, Dr. David Krauss, issued his report. (Doc. 131-2 at 2-10.) This report described the accident as one "in which a tractor-trailer rear ended a stopped or slowed Jeep on the highway." (*Id.* at 2.)

On September 21, 2018, another one of Defendants' experts, Stanley Fridley, issued

his report. (Doc. 131-3 at 2-10.) This report stated that "[t]he Jeep's damage and post-impact motion were consistent with the Jeep being stopped or nearly stopped at impact." (*Id.* at 5.)

On November 28, 2018, Defendants sent a set of requests for admission ("RFAs") to Plaintiffs. (Doc. 129 at 3.)[1] Among other things, these RFAs asked whether Plaintiffs would admit that "A.R.S. § 28-873(A)(15) applied to [the Decedent] at the time of the accident" and whether Plaintiffs would admit "that A.R.S. § 28-704(A) applied to [the Decedent] at the time of the accident." (*Id.*) Plaintiffs denied both requests. (*Id.*) This appears to be the first time that either statute was specifically referenced by Defendants in this case. (*Id.*)

On August 21, 2019, the parties submitted their proposed jury instructions. (Doc. 124.) This filing identified only two disputed instructions. In the first disputed instruction, Defendants request an instruction that, if the jury finds that the Decedent violated A.R.S. § 28-873(A)(15), which prohibits "stopping" on a highway "except for emergency reasons," it must find the Decedent was negligent and "then determine whether that negligence was a cause of injury." (*Id.* at 20.) Similarly, in the second disputed instruction, Defendants request an instruction that, if the jury finds that the Decedent violated A.R.S. § 28-704, which prohibits, with exceptions, driving "at such a slow speed as to impede or block the normal and reasonably movement of traffic," it must find the Decedent was negligent and "then determine whether that negligence was a cause of injury." (*Id.* at 21.) Plaintiffs object to both instructions because they were "not disclosed as . . . defense[s] in Defendants' responses to MIDP." (*Id.* at 20, 21.)

On August 26, 2019, the Court held the Final Pretrial Conference. (Doc. 127.) During this hearing, the Court ordered the parties to file supplemental briefing concerning the disputed jury instructions (*id.* at 2), which they have now done (Docs. 129, 131, 132).

…

---

[1] The actual RFAs don't appear in the record, but Plaintiffs described the contents of the RFAs in their motion (Doc. 129 at 3) and Defendants seemed to acknowledge the accuracy of this description in their response (Doc. 131 at 3).

**DISCUSSION**

In their motion, Plaintiffs don't dispute the legal accuracy of the proposed jury instructions and don't dispute that Arizona law generally recognizes the concept of negligence *per se*. (Doc. 129.) Instead, Plaintiffs object on late-disclosure grounds. Specifically, Plaintiffs contend that Defendants should have disclosed, in their answer and in their MIDP disclosures, that they were pursuing a negligence *per se* theory based upon the two traffic statutes; that Plaintiffs reasonably concluded, based on the absence of such a disclosure, that Defendants weren't pursuing such a theory; and that it would be unfairly prejudicial to allow Defendants to pursue such a theory now because Plaintiffs didn't pursue certain steps during the discovery process (such as interviewing lay witnesses, hiring a mechanical engineer as an expert, and/or asking certain questions of Defendants' experts) that would have been helpful in proving the Decedent didn't actually violate the two traffic statutes at issue.

These arguments are unavailing. First, Plaintiffs are incorrect that Defendants were required, in the answer, to specifically identify negligence *per se* as one of their affirmative defenses. Under Arizona law, "[n]egligence *per se* is not a cause of action separate from common law negligence. It is a doctrine under which a [party] can establish the duty and breach elements of a negligence claim based on a violation of a statute that supplies the relevant duty of care." *Craten v. Foster Poultry Farms Inc.*, 305 F. Supp. 3d 1051, 1054 n.2 (D. Ariz. 2018). *See also Williams v. City of Mesa*, 2011 WL 836856, *14 n.13 (D. Ariz. 2011) (same). Thus, Defendants' invocation of comparative negligence as an affirmative defense (which was raised in at least their first, third, and fifth affirmative defenses) was sufficient to preserve their ability to pursue a negligence *per se* theory at trial. *Cf. Hernandez v. Singh*, 2019 WL 367994, *6 n.5 (D. Ariz. 2019) ("Defendants also argue the Court should not consider Plaintiffs' negligence per se theory because Plaintiffs did not plead this theory. This argument is unavailing—Plaintiffs were not required to specifically plead negligence per se because it is not a separate cause of action."); *Weathersby v. JohnsonDiversey, Inc.*, 2009 WL 10672346, *3 (C.D. Cal. 2009) ("The

Court is not persuaded that federal pleading standards require that a negligence *per se* claim be separately pleaded.). Indeed, had Defendants attempted to assert negligence *per se* as a separate affirmative defense, it possibly would have been subject to a motion to strike based on redundancy. *Cf. Garland v. Las Vegas Metro. Police Dept.*, 2013 WL 1195647, *5 & n.4 (D. Nev. 2013) (holding that "to the extent Plaintiff's Complaint pleads a cause of action based on negligence per se separate from his cause of action based on negligence, such a cause of action based solely on negligence per se fails as a matter of law and is, thus, dismissed with prejudice," but further noting that "[t]his does not, however, preclude Plaintiff from attempting to rely on negligence per se as a method of establishing the duty and breach elements of his negligence cause of action").[2]

For similar reasons, the Court is unpersuaded that Defendants were required to specifically state in their MIDP disclosures that they were relying on a negligence *per se* theory and/or specifically identify the two Arizona traffic statutes now at issue. Defendants' MIDP disclosures clearly state that Defendants' theory is that the Decedent was comparatively negligent because he was stopped in the middle of the freeway.[3] To be sure, it would have been preferable for Defendants to go further in their MIDP disclosures

---

[2] *See also Waldo v. Eli Lilly & Co.*, 2013 WL 5554623, *8 (E.D. Cal. 2013) ("Eli Lilly seeks to dismiss on the basis that negligence per se is not an independent cause of action under California law. Eli Lilly is correct. . . . While Waldo is free to allege the facts necessary to entitle her to the evidentiary presumption, she may not plead negligence *per se* as an independent cause of action."); *Skye v. Maersk Line, Ltd. Corp.*, 2011 WL 4528305, *2 (S.D. Fla. 2011) (granting motion to dismiss negligence *per se* claim and noting that "[c]ourts tend to disfavor pleading negligence *per se* as a separate claim because it is not deemed to be independent from general negligence"); *Brown v. Cox*, 2011 WL 3269680, *3 (E.D. Va. 2011) (same). *But see McDaniel v. Upsher-Smith Labs., Inc.*, 893 F.3d 941, 948 (6th Cir. 2018) (noting that Tennessee law follows a contrary approach).

[3] Plaintiffs also contend that Defendants' MIDP disclosures were inadequate because the disclosures only state that the Decedent's vehicle was stopped. (Doc. 129 at 2, 6.) Plaintiffs continue that, because Defendants failed to alternatively disclose the theory that the Decedent's vehicle was traveling at a slow, but non-zero, rate of speed, they should be precluded from relying on one of the traffic statutes at issue, A.R.S. § 28-704, because it only applies to moving vehicles. (*Id.*) This argument lacks merit. The reports from both of Defendants' experts disclose Defendants' theory that the Decedent's vehicle was "stopped or nearly stopped." Moreover, it appears to the Court that a motorist could violate A.R.S. § 28-704 by stopping in the middle of the freeway—the statute applies when a vehicle is traveling "at such a slow speed as to impede or block the normal and reasonably movement of traffic." Plaintiffs have not identified any authority holding that the phrase "such a slow speed" excludes fully-stopped vehicles. Zero miles per hour is a slow speed.

and explain why they believe such conduct constitutes negligence *per se* under A.R.S. §§ 28-704 and 28-873(A)(15). However, the MIDP simply requires a party to disclose "the legal theories" on which its defenses are based, *see* D. Ariz. G.O. 17-08(B)(4), and here Defendants could have reasonably assumed—based on the case law from Arizona and other jurisdictions, discussed above, establishing that negligence *per se* isn't a separate theory from general negligence—that they satisfied this requirement by identifying the comparative negligence of the Decedent as one of their theories.

It is unfortunate that Plaintiffs didn't grasp this aspect of the defense theory until after discovery was complete and it is understandable why they failed to do so. Nevertheless, Defendants satisfied all of their disclosure obligations and never affirmatively misled Plaintiffs (for example, Defendants never disclaimed any intention to rely on negligence *per se*). It would be unfair to Defendants to preclude them from pursuing a potentially valid defense theory under these circumstances.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiffs' motion re: disputed jury instructions (Doc. 129) is **denied**; and

(2) The two disputed jury instructions (Doc. 124 at 20, 21) will be given at trial.

Dated this 11th day of October, 2019.

Dominic W. Lanza
United States District Judge